## THE STATE *vs.* ABNER HOLLINGSWORTH and DAVID H. HOLLINGSWORTH.

New Castle County, September Term, 1893.

**Attempt to Commit Larceny. Misdemeanor.**—Attempting to commit larceny is a misdemeanor.

**Same, Evidence,**—It is incumbent upon the prosecution to prove under this indictment some overt act of the defendant showing his intention to commit larceny.

**Evidence,**—Evidence of intent is necessarily circumstantial.

The defendants were indicted for attempting to commit larceny. At the trial it was proved that they drove up to the farm house of Howard Jordan, in said county, on the 29th day of July, 1893, about 4 o'clock A. M., and hitched their horse in the shadow of a building standing nearly in front of said Jordan's house; that they then walked through the gate, up the lane by the side of the house between the spring house and the pig pen and to a tree where the chickens usually roosted; that they then went into an open shed by the side of the barn, then came out of the shed, and when a few yards from the barn Jordan, who had been aroused by the chickens, called to them and instantly shot; that they then started to run when he shot a second time, severely wounding Abner Hollingsworth. It was alleged in defence that the defendants were hunting for a well to get a drink of water.

*Nields,* for the defendants, asked the Court to instruct the jury as follows:

1. That if the State has failed to prove an overt act or acts of David H. Hollingsworth or Abner Hollingsworth, or either of them, which must have resulted in the crime of larceny unless prevented or hindered, then it is the duty of the jury to find a verdict for the defendants.

Argument.--Charge.

2. That in this case the State is required to prove affirmatively that David H. Hollingsworth and Abner Hollingsworth or either of them, did thrust or place their hands among the branches of a tree where the dung hill fowls were roosting, and if the State has failed to prove those overt acts it is the duty of the jury to render a verdict of not guilty.

3. That if the State has failed to prove affirmatively that David H. Hollingsworth and Abner Hollingsworth, or either of them commited such overt acts in proximity to said dung hill fowls by which dung hill fowls would have been removed from the place where they were roosting, unless prevented by some extraneous causes, it is the duty of the jury to render a verdict of not guilty.

*John R. Nicholson*, Attorney General for the State, also prayed for instructions:

1. That an attempt to commit the crime of larceny is an intent to commit it, coupled with some act or acts toward it, falling short of the crime intended, and that in order to be guilty of an attempt one need not have committed the last perceivable act prior to the consummation of the crime intended.

2. That in order to find a verdict of guilty in this case it is not necessary for the jury to believe that the defendants actually touched the fowls or reached out their hand to touch them if they believe that the defendants entered the yard of Mr. Jordan at the time alleged, and prowled about his buildings and the roosting places of his turkeys and chickens with the intent to steal them.

LORE, C. J. (charging the jury.)

Abner Hollingsworth and David H. Hollingsworth, the defendants, are indicted for the crime of attempting to commit larceny.

Larceny is the wrongful taking and carrying away by any person of the personal goods of another from any place, with a felonious intent to convert them to the taker's own use without the

consent of the owner. The felonious intent is the peculiar and distinctive element of this unlawful taking of the goods of another, and is the gravamen of the offence.

These defendants are not charged with having consummated the crime of larceny, but with attempting to commit larceny.

Larceny is a felony; attempting to commit larceny is a misdemeanor.

Attempting to commit larceny is not defined in express terms by the statute of this State, but it is an old common law offence, coming down to us from the mother country with her laws. It is recognized and punishable by our criminal code under the general provision, Sec. 18, chap. 127, which is as follows:

"Assault, batteries, nuisances, and all other offenses indictable at common law, and not specially provided for by statutes, shall be deemed misdemeanors and shall be punished by fine and imprisonment, or either, according to the discretion of the Court."

The crime charged contains two distinct elements, first, the intention to commit larceny; second, the commission of some overt act or acts, in execution of that intention which if carried out, would constitute larceny.

An act resting in bare intention, is not indictable. Men are responsible to God under the moral law for their intentions, though there may be no effort to carry them into execution. There the Judge is infinite; the searcher of all hearts.

Human laws deal only with the intention, when it is expressed in some word or act or both, manifesting the intent, and bringing it within the reach of human scrutiny.

It is incumbent on the State to prove to your satisfaction, that when the defendants entered upon the premises of Howard H. Jordan, in Mill Creek Hundred, in this county, on the morning of July 29th, 1893, they did so with the intent to commit larceny and then and there did some overt act to effect such intent; that they so entered upon and acted on the said premises, as to satisfy you beyond the reasonable doubt that such was their intention. The

Charge.

proof of the State must couple the act with the intention. You can only gather the intention from the act.

There must necessarily be some attempt, some overt act. We do not think there is any fixed or invariable rule, as to what specific acts must be proved; we cannot say to you that it is the act first done in a series of acts, or the act next proximate to the completion of the felony if it had been effected. The acts of men vary with their surroundings, constitution and temperament. No two men act precisely alike under the same conditions. Therefore the true rule of law is, that you must take all the words, acts and conduct of the party in each case. So in this case you must take all the words, acts and conduct of the defendants, on the premises, on that morning; and say from all these whether you conclusively gather that their intention was to commit larceny, and that they actually made the attempt, but were deterred from completing the felony by the firing of the gun, from fear or some other cause.

The proof of intention, however, is necessarily circumstantial. You cannot look into the human mind. There are no windows, through which you may directly and certainly see its workings. The circumstances of the case are therefore usually your only guide to the intent or purpose of the actor. If, therefore, the State has shown you such circumstances and facts as are consistent with the crime charged and inconsistent with any reasonable explanation, other than that the defendants intended to steal the chickens of Mr. Jordan, and were then attempting to do so, then the State has met every demand of the strictest rules of evidence, and is entitled to your verdict.

In conclusion, gentlemen, we say to you that while the offense is well known to the common law, and the rules governing it are well settled; yet perhaps being the first trial of the kind in this State; we have thought best to be thus specific and particular in stating the law bearing upon it.

There are really no new questions of law. The issues raised are mainly questions of fact, and are to be determined by you from

all the evidence in the case given in this court room and upon that witness stand.

If from that evidence you are satisfied that the defendants on that morning intended to steal the chickens of Mr. Jordan, and that in their acts and conduct there they were attempting to carry out that intention, your verdict should be guilty.

If you are not so satisfied your verdict should be not guilty.

If you have a reasonable doubt of their guilt, one that you are conscientiously compelled to entertain, you should acquit.

*Verdict not guilty.*